ISALENE WRIGHT, PLAINTIFF, v. JAMES WRIGHT, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided November 23, 1951.

*Mr. Samuel S. Black,* attorney for plaintiff.

*Messrs. Greenburg, Wilensky & Feinberg (Mr. Victor Greenburg* appearing), attorneys for defendant.

HEGARTY, A. M. Defendant-counterclaimant's motion brings up for consideration his application for an order to allow him to take the deposition of one John Hagin, of No. 17 West Vine Street, Statesboro, Georgia, before L. B. Lovett, a notary public of Georgia, on the written interrogatories attached to the notice of motion to be used at the trial of this action. The affidavit of the defendant in support of the application sets forth that he has been informed by his attorneys that one John Hagin of Statesboro, Georgia, is a necessary witness and has relevant information to sustain defendant's counterclaim. He is further informed that John Hagin is unable to appear before this court in New Jersey to offer his testimony and defendant does not have the money to defray the cost and expense of taking John Hagin's testimony by oral deposition outside of New Jersey. He requests that this court direct that the deposition of the said John Hagin of Statesboro, Georgia, be taken on written interrogatories, in accordance with the rules governing such procedure. Attached to the affidavit are the written interrogatories submitted on defendant's behalf to the said John Hagin for his answers thereto.

The application is resisted by the plaintiff. She contends that it should be denied for the following reasons: (1) The affidavit of the defendant, attached to the moving papers, is not based on personal knowledge but on hearsay and therefore cannot be the basis for an order thereon; (2) the affidavit of the defendant upon this application does not set forth sufficient facts upon which an order may be made; (3) the taking of written interrogatories in this matter will affect the plaintiff's right, as guaranteed by the Constitution, to an orderly judicial procedure adapted to the nature of the case; (4) the written interrogatories should not be permitted in this matter for failure of the defendant to show good cause therefor; (5) the defendant is premature in his application because his right to apply for an order has not yet accrued.

It may be noted that the affidavit under attack by the plaintiff sets forth, in essence, that his attorneys have advised

him that John Hagin of Statesboro, Georgia, is a necessary witness and has relevant information to sustain defendant's counterclaim and that John Hagin is unable to come to New Jersey. The defendant himself says that he does not have the funds to defray the cost and expense of taking John Hagin's testimony by oral deposition outside of New Jersey. I find and conclude that the affidavit is sufficient to support the challenged motion for order to take depositions on written interrogatories.

██ I further find and conclude that the defendant is not required under *Rule* 3 :26–4 (*e*) to show good cause therefor before order may issue and that the procedure invoked by the defendant is not violative of any rights guaranteed to plaintiff by the Constitution.

In *Sposa v. Sposa*, 8 *N. J. Super.* 544, 546 (*Ch. Div.* 1950), we find:

"It will not be disputed that except as otherwise provided the general rules of civil practice of the Superior Court apply to matrimonial causes. Chapter V—Depositions and Discovery, falls in that general category and must be so considered in the spirit of our new procedure. In this respect and upon further consideration I believe that to restrict the provisionary right of depositions and discovery and to require as a basis therefor the showing of good cause would be an unwarrantable construction unless it be clearly stated otherwise. It is clear that the amendment of *Rule* 3 :26–4 by the addition of paragraph (e) had as a direct purpose the elimination of the prerequisite of notice for the taking of depositions and interrogatories to a defendant who 'has failed to appear or to answer.' A provision eventful in the case of default is entirely without application in the event of appearance and contest. The second sentence (providing for the restriction) of paragraph (e) must be construed with respect to the full scope of the amendment. So considered it is clear that the restriction 'for good cause' applies to such action in which the defendant fails to 'appear or answer.' The premise thereof is undoubtedly founded on the interest of the State in matrimonial causes to preserve the marriage. Because of the utter indifference of a defaulting defendant, proceedings for dissolution or voidance should not be without judicial control. Moreover, I believe if the showing 'for good cause' was intended to restrict the right of depositions and discovery in other than uncontested actions for divorce or nullity as provided in the amended rule under review, the Supreme Court would have incorporated that restriction in the provisions of *Rule* 3 :26–1—

When Depositions May Be Taken. Furthermore, whatever objection a contender against the allowance of depositions or interrogatories in a contested action for divorce or nullity can have, that situation is completely within the control of the court as in all other civil proceedings under the provisions of *Rules* 3:30–2 and 3:30-4. After full consideration of the matter at bar I have concluded to advise an order denying plaintiff's application to vacate defendant's notice of taking depositions. Accordingly, a determination on defendant's application to proceed on the showing of good cause is moot."

The defendant's application is within the provision of *Rule* 3:31, *Depositions of Witnesses upon Written Interrogatories*. *Rule* 3:31–1. *Serving Interrogatories; Notice*:

"A party desiring to take the deposition of any person upon written interrogatories shall serve them upon every other party with a notice stating the name and address of the person who is to answer them and the name or descriptive title and address of the officer before whom the deposition is to be taken. Within 10 days thereafter a party so served may serve cross interrogatories upon the party proposing to take the deposition. Within 5 days thereafter the latter may serve redirect interrogatories upon a party who has served cross interrogatories. Within 3 days after being served with redirect interrogatories, a party may serve recross interrogatories upon the party proposing to take the deposition."

Also *Rule* 3:31–2 and *Rule* 3:31–3, insofar as the provisions thereof relate to the instant case.

The application of the defendant-counterclaimant for an order to take depositions on written interrogatories is granted and allowed.