J-S08025-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL FAIRFIELD, | |
| Appellant | No. 1038 WDA 2017 |

Appeal from the Judgment of Sentence entered June 13, 2017,
in the Court of Common Pleas of Blair County,
Criminal Division, at No(s): CP-07-CR-0001174-2016.

BEFORE: LAZARUS, J., KUNSELMAN, J. and STEVENS, P.J.E.*

MEMORANDUM BY KUNSELMAN, J.:                    FILED MARCH 19, 2018

Michael Fairchild appeals from the judgment of sentence imposed after a jury convicted him of aggravated assault, recklessly endangering another person, and simple assault.[1]  Finding no merit to Fairchild's claim that the trial court erred in admitting evidence of his prior bad acts, we affirm.

The trial court summarized the pertinent facts presented at Fairchild's jury trial as follows:

> During the first day of trial, [the victim] testified.  She confirmed that she was in [a] relationship with [Fairchild] for seven (7) years, that at one time she loved him and that they lived together at 311 Howard Avenue, Altoona.  [The victim] broke up with [Fairchild] several weeks prior to the subject incident date of May 20, 2016 and she started dating another individual.  She indicated that

_____

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 2705, and 2701(a)(1), respectively.

*Former Justice specially assigned to the Superior Court.

[Fairchild] was jealous. [The victim] then described the incident that occurred on May 20-21, 2016 after she and [Fairchild] had attended a bonfire together at a neighbor's house. She described [Fairchild] as becoming angry; throwing things; striking her in the head with a lampshade; pushing her down on the mattress when she asked him to leave and asking for sex; throwing cans of beer across the room off the wall, etc., leading up to her description that she "felt a big hit behind me." [The victim] testified that she felt pain on her left side around her ribcage and described the pain as being a 10 on a 1 to 10 scale. She had trouble breathing and she advised [Fairchild] that she needed help. [The victim] also testified that [Fairchild] told her to tell the police that she fell down the steps, which she refused to do. She was taken to the hospital, underwent surgery and remained in the hospital for several days.

Trial Court Opinion, 8/10/17, 6-7 (citations omitted).

Prior to trial, the Commonwealth presented a motion in limine, seeking permission to admit evidence of prior acts of domestic violence between Fairchild and the victim. In granting the motion, the trial court specifically noted, "In so ruling, however, if [Fairchild] testifies, he will be permitted to testify as to 'his side' of each and every such domestic incident. The trial court will provide a cautionary instruction to the jury[.]" Trial Court Opinion, 3/27/17, at 4.

In addition to the victim's testimony, the Commonwealth presented testimony from a 911 dispatcher, the police officers involved in the investigation of the case, and a medical doctor with regard to the extent of the victim's injuries. Fairchild did not testify, and presented no other evidence. According to the trial court, Fairchild "opted not to testify, as

- 2 -

confirmed after colloquy outside the presence of the jury. It was clear, however, from the questions posed by [defense counsel] during cross-examination of [the victim], and in both his opening statement and closing argument, that the defense was that [Fairchild] lacked the requisite criminal intent to support the most serious charge" of aggravated assault. Trial Court Opinion, 8/10/17, at 9.

The jury convicted Fairchild of the above charges.[2] On June 13, 2017, the trial court imposed an aggregate sentence of four to ten years of incarceration. This timely appeal follows. Both Fairchild and the trial court have complied with Pa.R.A.P. 1925.

Fairfield raises the following issue on appeal:

I.     Whether the [trial court] abused its discretion when it admitted evidence of prior alleged domestic abuse in this case.

Fairchild's Brief at 4.

"Admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." Commonwealth v. Drumheller, 808 A.2d 893, 904 (Pa. 2002). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of

_____

[2] The trial court also found Fairchild guilty of a summary harassment charge. 18 Pa.C.S.A. 2709(a)(1).

- 3 -

judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." Commonwealth v. Harris, 884 A.2d 920, 924 (Pa. Super. 2005).

The admissibility of prior bad acts of a defendant is governed by Pennsylvania Rule of Evidence 404(b), which reads as follows:

> Rule 404.  Character Evidence; Crimes or Other Acts
>
> * * *
>
> (b)  Crimes, Wrongs, or Other Acts.
>
> (1)  Prohibited uses.  Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2)  Permitted Uses.  This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident.  In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

Pa.R.E. 404(b)(1)-(2).  "[E]vidence of prior crimes is not admissible for the sole purpose of demonstrating a criminal defendant's propensity to commit crimes."  Commonwealth v. Melendez-Rodriguez, 856 A.2d 1278, 1283 (Pa. Super. 2004) (en banc).  Nevertheless, "[e]vidence may be admissible in certain circumstances where it is relevant for some other legitimate purpose and not utilized solely to blacken the defendant's character."  Id. Specifically, evidence of other crimes or bad acts is admissible if offered for a non-propensity purpose, such as proof of an actor's knowledge, plan,

motive, identity, or absence of mistake or accident. Commonwealth v. Chmiel, 889 A.2d 501 (Pa. 2005). When offered for a legitimate purpose, evidence of prior crimes or bad acts is admissible if its probative value outweighs its potential for unfair prejudice. Commonwealth v. Hairston, 84 A.2d 657 (Pa. 2014).

Here, the trial court recounted the manner in which Fairchild's prior bad acts were admitted at trial:

> During the trial, we permitted the victim to testify about prior incidents when she suffered physical and/or emotional abuse at the hands of [Fairchild]. She indicated that [Fairchild] has hurt her "a lot" and that he would lose his temper, become angry, blame her and later apologize. She said the first time abuse occurred was when she was at a hotel and her ex-husband was helping her and [Fairchild] believed that she was getting back together with her ex. [The victim] claimed that [Fairchild] became angry, took a phone and ". . . hit it on the bed but it come up and split my lip".
>
> [The Commonwealth] asked whether there were other times that [Fairchild] hurt her resulting in injuries, which led to a sidebar discussion on the record with counsel. It was at that time that [defense counsel] interposed an objection to any testimony about these prior incidents of domestic abuse.

Trial Court Opinion, 8/10/17, at 7-8 (citations omitted).

The trial court overruled defense counsel's objection, but gave the following cautionary instruction to the jury:

> Members of the jury, [the Commonwealth] has started asking [the victim] about prior incidents that allegedly occurred between her and Mr. Fairchild. The general rule is that evidence of prior criminal acts cannot be considered, cannot be considered by a jury in determining

whether [Fairchild] is guilty of the act for which he is charged here. That's the general rule. In this case, however, this admission of evidence of prior domestic incidents which allegedly occurred between [the victim] and [Fairchild] are being admitted for the limited purpose, the limited purpose, to prove motive and intent, absence of mistake, or accident. As with all of the evidence that may be presented to you during this trial you afford this evidence whatever weight that you deem it appropriate. Thank you.

N.T., 3/30/17, at 50-51.

The Commonwealth then continued its direct examination of the victim, and elicited testimony about another prior incident that occurred when Fairchild injured her collarbone while they were both living in Altoona. The victim further testified that Fairchild would emotionally abuse her, and that she tried to leave several times, but Fairchild would prevent her from doing so. Defense counsel was given the opportunity to cross-examine the victim about these prior incidents. During its closing charge to the jury, the trial court repeated the above cautionary instruction. N.T., 3/31/17, at 55.

The trial court found no merit to Fairchild's appellate claim:

[W]e respectfully submit that the evidence of the prior bad acts of domestic violence between [Fairchild] and [the victim] was highly relevant and probative and admissible under Pa.R.E. 404(b)(2) as proving motive, opportunity, intent, absence of mistake and/or lack of accident. Further, we provided the jury the cautionary instruction as set forth above so that the jurors would understand the limited purpose for which this evidence was offered at the time of trial.

Trial Court Opinion, 8/10/17, at 11. We agree.

In support of his issue on appeal, Fairchild argues that the allegations of prior abuse were "highly prejudicial." Fairchild's Brief at 6. In addition, he states that the prior incidents were "remote, vague and unsubstantiated." Id. According to Fairchild, the evidence of prior incidents of domestic abuse had "very little [probative] value," and any probative value "was greatly outweighed by its prejudicial effect." Id.

Fairchild cites no relevant case law to support his argument. Indeed, our precedent has consistently held that evidence of prior abuse between a defendant and an abused victim is generally admissible to establish motive, intent, malice, or ill-will. See, e.g., Commonwealth v. Ivy, 146 A.3d 241 (Pa. Super. 2016). Moreover, evidence of such prior bad acts may be introduced to prove consciousness of guilt, i.e., that the defendant was aware of his wrongdoing. Id. Such prior incidents are also admissible and relevant to show the continual nature of abuse. See Drumheller, 808 A.2d at 905 (affirming the admission of past PFA violations by the defendant against the murdered spouse). In fact, as to intent in particular, the Pennsylvania Supreme Court has reasoned that when attempting "to discover the intent accompanying the act in question[,]" the "prior doing of similar acts," is "useful as reducing the possibility that the act in question was done with innocent intent." Commonwealth v. Donahue, 549 A.2d 121, 126 (Pa. 1988) (quoting II Wigmore on Evidence, § 302, at 241). Stated differently, the fact that prior similar instances of abuse occurred

lessens the chance that the act for which the defendant is on trial was unintentional.

Fairchild's claims to the contrary are without merit. "Although evidence of prior occurrences which is too remote is not properly admissible[,] it is generally true that remoteness of the prior instances of hostility and strained relations affects the weight of the evidence and not its admissibility." Commonwealth v. Ulatoski, 371 A.2d 186, 191 (Pa. 1977) (citation and footnote omitted). However, "no rigid rule, can be formulated for determining when such evidence is no longer relevant." Id. "What that limit of time should be must depend largely on the circumstances of each case, and ought always to be left to the discretion of the trial court." Id. at 191-92. Here, although the prior incidents admitted at trial spanned the entire course of the victim and Fairchild's relationship, we cannot conclude that the trial court abused its discretion in admitting the prior incidents on this basis. Drumheller, supra.

Moreover, our review of the victim's testimony refutes Fairchild's claim that her description of the prior incidents of abuse was vague. We note further that the prior incidents of abuse need not be substantiated in order to be admissible. See, e.g., Commonwealth v. Chandler, 721 A.2d 1040, 1044 n.7 (Pa. 1998) (explaining that "[i]f competent, evidence of prior abusive conduct, whether charged or uncharged, constitutes relevant and admissible evidence"). As with Fairchild's remoteness claim, the fact that there was no other evidence to corroborate the victim's account of the prior

abuse goes to the weight of this evidence, not its admissibility. Ulatoski, supra.

Finally, we find no merit to Fairchild's claim that the prior incidents of abuse admitted at trial were unduly prejudicial. As our Supreme Court has recently explained, "[T]he trial court is not required to sanitize the trial to eliminate all unpleasant facts from the jury's consideration where those facts are relevant to the issues at hand, and form part of the history and natural development of the events and offenses for which the defendant is charged." Commonwealth v. Hairston, 84 A.3d 657, 666 (Pa. 2014) (citation omitted). Although, by their very nature, evidence of prior bad acts is prejudicial to a criminal defendant, the acts at issue in this case were not unduly prejudicial. This is especially true, when, as in this case, the trial court twice gave a cautionary instruction as to how the jury was to limit its consideration of this evidence. See, e.g., Commonwealth v. Claypool, 495 A.2d 176, 179-80 (Pa. 1985) (concluding that the trial court's giving of a detailed cautionary instruction was sufficient to overcome prejudicial effect of the introduction of prior bad acts evidence). A jury is presumed to follow the trial court's instructions. Commonwealth v. Faurelus, 147 A.3d 905, 915 (Pa. Super. 2016).

In sum, because the trial court did not abuse its discretion in admitting the evidence of prior incidents of abuse perpetrated by Fairchild against the victim, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date:   3/19/2018