**UNITED STATES ex rel. Harry E. CAREY, Appellant,**

v.

**Robert L. JOHNSON, Superintendent, State Correctional Institution, Graterford, Pennsylvania.**

No. 71–1722.

United States Court of Appeals, Third Circuit.

Submitted June 12, 1972.

Decided June 20, 1972.

---

Harry E. Carey, pro se.

James D. Crawford, Deputy Dist. Atty., Philadelphia, Pa., for appellee.

Before SEITZ, Chief Judge, VAN DUSEN and ADAMS, Circuit Judges.

1. The district court found that one of the claims had not been presented in state court and denied relief on that claim without prejudice for failure to exhaust state remedies. 28 U.S.C. § 2254.

**593**

## OPINION OF THE COURT

PER CURIAM:

Appellant, Harry E. Carey, was convicted in 1967 in a Pennsylvania court of the crimes of aggravated robbery and rape and was sentenced to concurrent terms of five to twenty years. His appeals in the state courts were unsuccessful, and Carey filed a petition for habeas corpus in the district court. After correctly determining that the cognizable claims in the petition[1] had been adequately considered by the state courts, the district court, without holding its own hearing,[2] denied relief.

In this appeal, Carey first contends that the in-court identification of him by the prosecutrix was tainted by a prior photographic identification so "impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968). The district court found as a fact that the in-court identification of Carey had a basis independent of the photograph, and that therefore Carey was not entitled to federal habeas relief. As a result of reviewing the state court record, it is apparent that the identification of Carey by the prosecutrix arose from observations of him at the scene of the crime, and that no taint would attach to the subsequent in-court identification from the use of the photograph.

Carey next attacks that portion of the charge in which the trial judge stated:

"Mrs. Gaffney testified that she is certain that the man who raped her was this defendant. The defendant did not take the stand and deny that he raped Mrs. Gaffney, but the circumstance that the defendant did not testify in his own defense cannot be

2. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

used against him and no inference of his guilt may be drawn from the circumstance that he did not testify."

It should be noted that a point for charge similar to the one given was requested by Carey's counsel. More important, the charge was not inconsistent with the mandate of Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), where the Supreme Court stated that the Fourteenth Amendment forbids "instructions by the court that such silence [of the accused] is evidence of guilt." *Id.* 615, 85 S.Ct. 1233. Here the court emphatically told the jury that they were not permitted to draw an inference of guilt from Carey's silence, and hence no error was committed.

■ As his final contention, Carey asserts that fundamental error occurred when the prosecution introduced evidence that three days prior to the commission of the crime for which he was on trial, Carey had committed a similar assault on another woman,[3] in the same geographical area where the rape was allegedly perpetrated. The prosecution did not introduce this evidence as proof of a prior conviction; rather, it relied on the well-settled Pennsylvania rule that evidence of similar sex crimes may be introduced to show the defendant's "state of mind." Commonwealth v. Kline, 361 Pa. 434, 65 A.2d 348 (1949); Commonwealth v. Ransom, 169 Pa.Super. 306, 82 A.2d 547 (1951); *see* 2 Wigmore, Evidence § 357 (3d Ed.). Such a rule of evidence, properly applied, does not violate due process. *See* Ciucci v. Illinois, 356 U.S. 571, 78 S.Ct. 839, 2 L.Ed.2d 983 (1958); Ross v. Maroney, 372 F.2d 53 (3d Cir. 1967). Here the prior crime was of a similar nature and close in time and place to that for which Carey was on trial. We hold, therefore, that no constitutional error was committed when the evidence was allowed to go to the jury.

Accordingly, the judgment of the district court denying habeas corpus relief will be affirmed.

---

3. The prosecution and defense stipulated that Carey had been convicted of the prior crime, but was not yet sentenced. The trial judge carefully instructed the jury concerning the limited use it might make of the evidence of the previous assault.