495 A.2d 176

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Daryl Nason CLAYPOOL, Appellee.**

Supreme Court of Pennsylvania.

Argued March 4, 1985.

Decided June 26, 1985.

Reconsideration Denied Aug. 12, 1985.

Samuel J. Orr, IV, Dist. Atty., Charles S. Hersh, Asst. Dist. Atty., James P. Epstein, Mercer, for appellant.

Thomas R. Dobson, Mercer, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDER-MOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

This appeal concerns the admissibility of a statement made by appellee (the defendant) to his victim, during the commission of a sexual assault, to the effect that he had a prior criminal conviction for rape. For the reasons which follow, we conclude that the Superior Court erred in holding that this evidence should have been excluded, and we, therefore, reverse.

In this case, appellee was convicted of rape, involuntary deviate sexual relations and simple assault, all arising from the sexual assault of his wife's sister in 1979. According to the victim, during the rape episode appellee placed her in

fear and intimidated her by telling her that he had previously served time in jail for rape, by threatening her with a gun, and by grabbing her and throwing her onto a bed prior to engaging in various sexual acts with her. Prior to trial, appellee filed a motion seeking to bar 1) the introduction at trial of his prior criminal record and 2) the introduction of testimony containing references to the statement he made to the victim during the commission of this crime, to the effect that he had a prior conviction for rape. After an extensive hearing on the motion, the court held that the Commonwealth could not introduce appellee's criminal record during its case in chief or during cross-examination of appellee, but that the victim would be permitted to testify with reference to the statement appellee made to her about his prior conviction.

At trial, appellee admitted that during this episode he engaged in various sexual acts with the victim, but claimed that all of those acts were with the victim's consent. During the trial, no reference was ever made to appellee's criminal record in general. However, the Commonwealth, over appellee's objection, did introduce the victim's testimony concerning appellee's statement to her about his prior conviction for rape to prove that the sexual acts which occurred during the rape episode were the result of force and threats on the part of appellee and not consent on the part of the victim. The victim testified as follows:

BY MR. MOORE [for the Commonwealth]:

Q. And what, if anything, further did he say to you?

A. He said that I had—he said that I better not try to get away or to scream or holler because if I did he would shoot me and anybody else who got in his way and hopefully that if the police came that he would get killed too because he would never go back to jail again.

\* \* \* \* \* \*

Q. Now you said something about his saying that he had been in jail. Is that right?

A. He told me that he was, yes.

Q. Did you know yourself prior to that that he was in jail?

A. Yes, sir.

Q. Did you know why he had been in jail?

A. No, sir.

Q. Did he tell you why he had been in jail?

A. Yes, he did.

Q. What did he tell you about being in jail?

A. He told me he was in jail before for rape.

Q. And did he say anything more about rape?

A. He told me the incident that happened and why he went to jail.

Q. And what did he tell you about?

A. He told me that him and another fellow were at his cousin's house and they had been drinking and they tied up his cousin and then they took the cousin's wife upstairs and that he was in jail for that.

    \*    \*    \*    \*    \*    \*

Q. And what affect [sic] did this talk have upon you?

A. I was scared to death because then I knew that that's what he was going to do to me.

    \*    \*    \*    \*    \*    \*

Q. All right, and then after his conversation about being in jail and telling you about rape, what then occurred?

    \*    \*    \*    \*    \*    \*

A. Well he told me that I better do it and he said I better not scream and holler because ever since he's been in jail any loud noises like that, if I screamed it would make him go crazy.

On the commencement of the second day of trial, the court cautioned the jury at length concerning the limited purpose for which the victim had been permitted to testify about appellee's statement concerning his prior imprisonment for rape.[1]

1. The court instructed the jury as follows:

The jury found appellee guilty of the aforementioned crimes, post-verdict motions were denied, and appellee was sentenced to three and one-half to seven years imprisonment.

On appeal, the Superior Court held that "the evidence introduced by the Commonwealth was clearly relevant on the question of the lack of consent of the victim.... However, the prejudice engendered by it exceeds its probative value and therefore the trial court abused its discretion in admitting the evidence." *Commonwealth v. Claypool*, 317 Pa.Super. 320, 464 A.2d 341, 344 (1983). The Superior Court vacated appellee's judgment of sentence and remanded for a new trial. We granted the Commonwealth's petition for allowance of appeal.

In reviewing the decision of the Superior Court, we are guided by the rule of law that the admissibility of evidence

> In the testimony of the witness presently on the stand ..., yesterday it was stated that before the first act of rape or alleged rape the defendant informed her that he had been in jail previously for an alleged rape. According to [the victim], the defendant told her the incident involved the wife of a cousin of the defendant.... [T]his testimony if it be accepted by the jury, that is to be believed, must be used for the sole purpose for which it was offered. That was to show why the will of [the victim] was overcome to make the act of intercourse and possibly later involuntary deviate sexual relations to be without her consent....
>
> The general rule is that evidence of prior criminal acts canot be considered by a jury in determining the guilt for the act of which that defendant is presently being tried. On the other hand, although this evidence was generally inadmissible it was permitted to be received because it may tend to prove, if believed, one of the necessary elements that the Commonwealth must establish beyond a reasonable doubt for both the offense of rape and the offense of involuntary deviate sexual relations. That is, taking the act that it is claimed or acts that are claimed to be performed as to whether or not the will of the defendant was overcome.... [T]he testimony of the defendant's alleged prior involvement in a rape is to be considered only for what affect [sic] it had on a person of reasonable resolution to determine whether or not that by itself or with the other acts, the pointing of the gun if that occurred, the physical force if that occurred, or whatever it was that overcame her resistance, if it did, would have done so as to a person of reasonable resolution. That's the reason and the only reason that that testimony was received and it must be considered by the jury in that limited context.

is a matter addressed to the sound discretion of the trial court, and that an appellate court may reverse only upon a showing that the trial court abused its discretion. *Commonwealth v. Bartlett,* 446 Pa. 392, 400, 288 A.2d 796, 799–800 (1972).

> It is a principle of long standing in this Commonwealth that evidence of a distinct crime, except under special circumstances, is inadmissible against a defendant who is being tried for another crime because the commission of one crime is not proof of the commission of another, and the effect of such evidence is to create prejudice against the defendant in the jury's mind.

*Commonwealth v. Morris,* 493 Pa. 164, 175, 425 A.2d 715, 720 (1981).

■ Evidence of prior crimes may be admissible, however, if it is relevant to prove something *other* than the defendant's propensity for committing crimes. J. McCormick, Evidence § 190, at 447 (2d ed. 1972). Thus, the general rule prohibiting the admission of evidence of prior crimes nevertheless

> allows evidence of other crimes to be introduced to prove (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme, plan or design embracing commission of two or more crimes so related to each other that proof of one tends to prove the others; or (5) to establish the identity of the person charged with the commission of the crime on trial, in other words, where there is such a logical connection between the crimes that proof of one will naturally tend to show that the accused is the person who committed the other.

*Morris, supra.* Also among these exceptions is the "same transaction" or "res gestae" exception. *Commonwealth v. Brown,* 462 Pa. 578, 590, 342 A.2d 84, 90 (1975).[2]

**2.** McCormick also lists several other established exceptions, including "to show a passion or propensity for illicit sexual relations with the particular person concerned in the crime on trial," "evidence of criminal acts of accused, constituting admissions by conduct, intended to obstruct justice or avoid punishment for the present crime," and "to

■ In the case *sub judice*, it is clear that the evidence of appellee's statement concerning his prior conviction does not fit into one of these exceptions to the general rule prohibiting the admission of evidence of prior crimes. Nevertheless, we may create new exceptions in appropriate cases.[3] In a case such as this, in which the defendant himself has made his prior criminal activity or conviction— whether or not the defendant actually did engage in such criminal activity or actually did have such a conviction—an element of the crime with which he is now charged, our failure to allow this evidence to be admitted would grant to a whole class of criminals immunity from their crimes. If such evidence were not admissible, a criminal would only need to make sure that the fear needed for the commission of his crime emanated from a threat which only embodied a claim of prior criminal activity in order to be "excused" for his activity. If there were other threats of fear accompanying a defendant's claim that he had engaged in prior criminal activity, the exclusion of evidence of the defendant's statement would present a much weaker case. We hold, therefore, that when there is evidence that a statement about prior criminal activity was made by the defendant in order to threaten and intimidate his victim, and when force or threat of harm is an element of the crime for which the defendant is being tried, such evidence is admissible.[4]

Although we have determined that evidence of prior criminal acts which the defendant himself makes relevant to prove the crimes with which he is charged is admissible, we

impeach the accused when he takes the stand as a witness, by proof of his convictions of crime." § 190, at 449, 451.

**3.** Since the issue of the admissibility of evidence of prior crimes which does not fit within any of these exceptions and which tends, rather, to prove the element of force or threat of harm has never been addressed by this Court, contrary to the assertions of Chief Justice Nix in his concurring opinion, it is now necessary to create a new exception to the general rule in order to explain why it was proper to admit the evidence at issue in this case.

**4.** "Forcible compulsion" is an element of both rape and involuntary deviate sexual intercourse. *See* 18 Pa.C.S.A. §§ 3121(1), 3123(1). "Fear of imminent serious bodily injury" is an element of simple assault. *See* 18 Pa.C.S.A. § 2701(a)(3).

are still mindful of the potential for misunderstanding on the part of the jury when this type of evidence is admitted. Therefore, such evidence must be accompanied by a cautionary instruction which fully and carefully explains to the jury the limited purpose for which that evidence has been admitted.

■ In this case, since the admission of the evidence of appellee's statement concerning his prior conviction was accompanied by a detailed cautionary instruction explaining the limited context in which this evidence could be considered, we conclude that the trial court did not commit error in admitting this evidence.

■ Our conclusion is not altered by the fact that there was other evidence of force against the victim. The Commonwealth was not required to omit portions of its case to accommodate appellee. A jury is free to believe all, part or none of the evidence presented. *Commonwealth v. Stockard*, 489 Pa. 209, 213, 413 A.2d 1088, 1090 (1980). For this reason, the Commonwealth can never be certain which, if any, of its evidence will be believed by the jury and regarded as proving a particular fact beyond a reasonable doubt. We will not hamper the Commonwealth's ability to present all of its relevant evidence to the jury to prove each and every element of the crimes charged.

Accordingly, the order of the Superior Court is reversed and the judgment of sentence is reinstated.

FLAHERTY, McDERMOTT and PAPADAKOS, JJ., join in this opinion of the court.

NIX, C.J., files a concurring Opinion in which ZAPPALA, J., joins.

McDERMOTT, J., files a concurring opinion in which FLAHERTY and PAPADAKOS, JJ., join.

HUTCHINSON, J., files a concurring opinion.

NIX, Chief Justice, concurring.

I agree with the majority that appellee's statements relating to a prior criminal act were properly admitted under the facts of this case. I take issue with the suggestion that this ruling is a novel one and that we are here creating a new exception.

The purpose for excluding evidence of prior unrelated crimes is first that it is irrelevant and second that the effect of such testimony creates an unfair prejudice against the defendant in the minds of the jury. Where, as here, it is unquestionably relevant to a disputed element of the crime charged its admissibility cannot be questioned. The evidence is not being offered to show a predisposition to commit a criminal act on the part of the accused, but rather to describe the threat employed to overcome the will of the victim. Nor is it being offered to establish that appellee had in fact committed a prior criminal act. The recognition of a "verbal act" is not new to our law, nor is its admissibility questionable where its relevancy is clear.

ZAPPALA, J., joins in this concurring opinion.

McDERMOTT, Justice, concurring.

I join the majority in holding that a threat, fortified with an example from the actor's criminal past, as proof of a present intention to gain a criminal purpose, is as admissible as a gun, knife, bomb or any other threat. If he chooses to use his criminal past as a token of his sincerity, he is no more prejudiced than was his victim.

A "threat" can be as palpable as a steel blade, the muzzle of a gun, or a ticking bomb. If the tool one uses to accomplish a criminal purpose prejudices him, so much the worse for him.

FLAHERTY and PAPADAKOS, JJ., join in this concurring opinion.

HUTCHINSON, Justice, concurring.

This case presents two issues: (1) whether the appellee's statements to his rape victim that he had been in jail before on a rape conviction were admissible as substantive evidence either under the standard exceptions to the rule barring evidence of prior crimes or for some other reason; and (2) if so, whether the relevance of such evidence must be balanced against its potentially prejudicial effect in determining its admissibility. I believe statements such as those at issue here are admissible if their relevance outweighs any improperly prejudicial impact and that, applying that balancing test to the facts of this case, the trial judge did not abuse his discretion in permitting appellee's statements to be admitted in evidence. Therefore, I concur in the result reached by the majority.

The statements were offered by the Commonwealth to prove an element of the offense of rape, *i.e.*, that intercourse was accomplished either by "forcible compulsion" or "threat of forcible compulsion that would prevent resistance by a person of reasonable resolution." *See* 18 Pa.C.S. § 3121. The appellee, who admitted having sex with the alleged victim, attempted to negate these elements by asserting that the intercourse was consensual. The prosecution offered appellee's statement to show how the victim's will was overborne. *See Commonwealth v. Williams*, 294 Pa.Superior Ct. 93, 439 A.2d 765 (1982) (the force necessary to support convictions for rape and involuntary deviate sexual intercourse need only be such as to establish lack of consent and to induce the woman to submit without additional resistance).

This Court has never decided whether evidence of prior crimes, when offered to establish lack of consent, falls within any of the standard exceptions to the rule prohibiting such evidence or whether it is otherwise admissible. Two Superior Court cases, *Commonwealth v. Kjersgaard*, 276 Pa.Superior Ct. 368, 419 A.2d 502 (1980), and *Commonwealth v. Seigrist*, 253 Pa.Superior Ct. 411, 385 A.2d 405 (1978), have held that the defendant's statements to his

victim regarding prior crimes are admissible to rebut the consent defense without specifying which exception, if any, the evidence falls under. In the instant case, Superior Court ruled that the evidence was relevant to prove intent, *i.e.*, that the defendant intended to have sexual intercourse with the victim regardless of the victim's consent. The court cited as authority *Commonwealth v. Rough*, 275 Pa.Superior Ct. 50, 418 A.2d 605 (1980). In that case, Superior Court upheld the trial court's ruling permitting the victim to testify as to two prior sexual advances by her attacker stating that the prior sexual conduct of the defendant evidenced his intent and was offered to rebut defense arguments that the victim consented to his acts.[1]

Pennsylvania also has a well-established rule which permits the introduction of evidence of similar sex crimes to show the defendant's "state of mind." *United States v. Johnson*, 462 F.2d 592 (3d Cir.1972); *Commonwealth v. Kline*, 361 Pa. 434, 65 A.2d 348 (1949); *Commonwealth v. Ransom*, 169 Pa.Superior Ct. 306, 82 A.2d 547 (1951). *See also* 2 Wigmore, Evidence § 357 (3d ed.). "State of mind," which is generally treated as an exception to the hearsay rule, when treated as an exception to the rule barring evidence of prior crimes, refers to the defendant's *mental* plan or design to commit rape.[2] The Pennsylvania cases rely heavily on the following discussion in Wigmore:

> Where the charge is assault with intent [to rape], former acts of the sort should be received without any limitation except as to time; though the Courts can hardly be said to have accepted this result fully ... a single previous act, even upon another woman, *may*, with other circumstances, give strong indication of a design

---

1. Since rape does not require felonious intent, the reasoning in this case is tenuous.

2. Some authorities contend that a party's declarations about his state of mind are not properly hearsay at all, but, instead, constitute a verbal act introduced not for the truth, but to show how the declarant felt, an issue on which they are said to be directly relevant, apparently on the theory that a man's words will normally portray his thoughts. That last statement, while the basis of all meaningful communication, is obviously not a universal truth.

(not a disposition) to rape; and a previous act of the sort upon the same woman ought in itself usually be regarded as indicating such a design. Courts have shown altogether too much hesitation in receiving such evidence. Even when rigorously excluded from any bearing it may have upon Character, it may carry with it great significance as to a specific Design or plan of rape.[1] There is no reason why it should not be received when it does convey to the mind, according to the ordinary logical instincts, a clear indication of such a design. There is room for much more common sense than appears in the majority of the rulings.

[1] In proving Intent, the act is conceded or assumed; what is sought is the state of mind that accompanied it. In proving Design, the act is still undetermined, and the proof is of a working plan, operating towards the future with such force as to render probable both the act and the accompanying state of mind. The Intent is a mere appendage of the act; the Design is a force producing the act as a result. Ibid, Section 300.

*See also Commonwealth v. Kline, supra.*[3]

I agree with the majority that the evidence at issue is relevant to prove force or threat of force and to negate consent. Additionally, I believe that the Court must clarify the basis for its admission. Chief Justice Nix implies in his concurring opinion that the rule barring evidence of prior crimes is never triggered in this case since such evidence was offered to prove an element of the crime of rape. Consequently, his view is that no new exception is needed. I am unpersuaded by this reasoning because evidence under the present exceptions is always offered a substantive evidence tending to prove the crime charged; otherwise, it is not relevant, *i.e.*, it has no probative value.[4] Therefore, I

**3.** On reviewing the cases on point in other states, it is clear that the courts have not relied primarily on any particular exception to the general rule, but, instead, rely on all of them at one time or another. *See* Annot., 2 ALR 4th 330 (collecting cases). It is evident from these decisions that the courts often strain to find that evidence of a prior rape is admissible under one of the standard exceptions. *Id.*

**4.** There are numerous circumstances in which highly probative evidence is nevertheless excluded on the basis of certain, countervailing reasons. This is so even where the evidence, if believed, proves an element of the crime in question. For example, a highly graphic,

believe the appellee's statements to his victim are admissible only if they fall within one of the traditional exceptions or if a new exception to the rule is recognized. Conceptually, this evidence does not appear to fall within any of the exceptions already recognized. Accordingly, I agree with the majority that our Court must recognize a new exception specially accommodating evidence of prior crimes when offered to prove force or lack of consent.

The question then becomes whether the probative value of evidence of prior crimes must be balanced against its potentially prejudicial impact on the factfinder. The cases establish that such a balancing process is required when the evidence is offered under one of the standard exceptions. *See Commonwealth v. Ulatoski,* 472 Pa. 53, 371 A.2d 186 (1977); *Commonwealth v. Kjersgaard, supra* (evidence of a prior rape was admissible, additionally, to show the defendant's *modus operandi* ).

The majority holds that such evidence is *per se* admissible reasoning that the courts should not impede the Commonwealth's ability to present all of its relevant evidence to the jury to prove each element of the crime charged, particularly as the prosecution can never be certain which, if any, of its evidence will be believed by the jury and regarded as proving a particular fact beyond a reasonable doubt. However, this view ignores the fact that, in certain cases, evidence of prior crimes is so prejudicial that it strips the defendant of his presumption of innocence. For this reason, the extent of the relevancy of this evidence in any given case must be balanced against its potentially prejudicial impact and the overall strength of the prosecution's case against the defendant. *Commonwealth v. Ulatoski,* 472 Pa. 53, 371 A.2d 186 (1977); McCormick, Evidence (3rd ed.) § 190 at 565.

Superior Court employed this balancing test in concluding that the trial judge abused his discretion in admitting the

color photograph showing the badly beaten body of a rape victim tends to establish force. However, the photos might nevertheless be ruled inadmissible because of their highly inflammatory nature.

statements regarding the prior rape because their prejudicial effect outweighed their probative value. However, I do not believe the record shows an abuse of that discretion, particularly in view of the trial judge's excellent cautionary instruction to the jury explaining the limited purpose for which this "other-crimes" evidence was allowed. Appellee's statements were properly admitted in evidence and, therefore, I concur in the result reached by the majority.