**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 24 EAP 2019 |
| | : | |
| Appellee | : | Appeal from the Judgment of |
| | : | Superior Court entered on March |
| | : | 11, 2019 at No. 3969 EDA 2017 |
| v. | : | affirming the PCRA Order entered |
| | : | on December 1, 2017 |
| | : | in the Court of Common Pleas, |
| KEENAN COLEMAN, | : | Philadelphia County, Criminal |
| | : | Division, at Nos. CP-51-CR- |
| Appellant | : | 0002793-2011, CP-51-CR-0002794- |
| | : | 2011 and CP-51-CR-0002820-2011. |
| | : | |
| | : | SUBMITTED: February 26, 2020 |

**OPINION**

JUSTICE BAER                                                    DECIDED: May 19, 2020

This matter arises from a petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546, by Keenan Coleman ("Appellant"). We granted allowance of appeal to address three issues. Regarding Appellant's first issue, we examine whether, within the context of the arguable merit prong of the ineffective-assistance-of-counsel standard, set forth *infra*, the lower courts erred by concluding that trial testimony was not hearsay because it was not offered for the truth of the matters asserted but, rather, for other limited purposes. We hold that the lower courts' determinations in this regard are in conflict with well-settled precedent and, thus, are erroneous because the trial court did not instruct the jury to consider the alleged hearsay testimony for only the limited purposes identified by the lower courts. As to Appellant's second issue, whether trial counsel was

ineffective for failing to object to testimony regarding Appellant's alleged ownership and use of firearms, we conclude that the Superior Court did not adequately address this claim. Lastly, we find that the Superior Court properly rejected Appellant's claim that trial counsel was ineffective for failing to object to a portion of the prosecutor's closing argument. For these reasons, we affirm in part and vacate in part the Superior Court's judgment. Further, we remand to the Superior Court with instructions to reconsider Appellant's outstanding claims of ineffective assistance of counsel claims as discussed below.

The relevant facts underlying this appeal are undisputed. In the early morning hours of April 12, 2010, Tobias Berry ("Victim") was shot and killed on the streets of West Philadelphia. During the investigation of Victim's murder, police, including Detective John Keen, took statements from Wakeeyah Powell and Hanif Hall, both of whom identified Appellant as the person that shot Victim. Appellant eventually was arrested and charged with first-degree murder and related offenses.

At Appellant's trial,[1] the Commonwealth called several witnesses, including Powell and Hall, but they recanted their previous statements identifying Appellant as the shooter. More specifically, Powell claimed that police coerced her into giving her initial statement by contending that the officers said they had statements from other persons but lost their "original witness."[2] *E.g.,* N.T., 8/28/2012, at 182. Powell also denied witnessing the shooting, stating instead that she had heard about it from a friend. *Id.* at 214-15. Because Powell's trial testimony was inconsistent with her statement to police, the Commonwealth utilized her previous statement to examine her. That statement included a reference to

---

[1] Appellant had a joint trial with his codefendant, Derek Hanton.

[2] As best we can discern, in making this statement, Powell was claiming that the police coerced her into naming Appellant as the shooter because they were unable to locate a witness, *i.e.,* the "original witness," that previously implicated Appellant in Victim's murder.

Appellant as a drug dealer. *Id.* at 188 (asserting that Appellant "got the drug block at Union and Melon Street [*sic*]").

During Hall's trial testimony, he indicated that he felt induced by the police to give a statement implicating Appellant, as detectives informed him that they knew that Appellant and his codefendant committed the killing. *Id*. at 287 ("They were like, We know them two did it."). In addition, he denied having any direct knowledge of the shooting, asserting that he only learned about it from "word on the street." *Id.* at 311. The prosecutor examined Hall by utilizing his previous statement to police, wherein Hall asserted that Appellant "liked to shoot people" and that Appellant carried "all kinds" of guns. *Id.* at 295 and 303, respectively. Of further note, Detective Keen later read to the jury Hall's previous statement to police. That statement, *inter alia*, referenced a person named Tanisha, who allegedly told Hall that Appellant shot Victim. N.T., 8/29/2012, at 182-83.

We further highlight that, after defense counsel's closing arguments, which largely focused on perceived holes in the Commonwealth's case, the prosecutor stated in his closing argument, *inter alia*, as follows:

> And there's a couple things that you're going to hear in part of the instruction, in part of the law, that are really important. You know, one of the first things is that you are to take this evidence as a whole, not in a vacuum, and that's important. You're not supposed to do what [defense] counsel says and just say, Well, there's one problem with that, so we will throw that out. Problem with this, we will throw that out. We will throw that out. Because if you're looking to do that you find a problem with everything and anything. That's what the law says, you look at it all together, you don't look at it in a vacuum.

N.T., 8/30/2012, at 242.

The jury ultimately found Appellant guilty of the charged offenses. For Appellant's first-degree murder conviction, the trial court sentenced Appellant to life in prison without

the possibility of parole. Following an unsuccessful direct appeal of his judgment of sentence,[3] Appellant filed the PCRA petition that is the subject of this appeal.

In his PCRA petition, Appellant raised several claims of ineffective assistance of counsel.[4] Relevant to the instant matter, Appellant first claimed that his trial counsel rendered ineffective assistance by failing to object to the following alleged hearsay testimony presented at his trial: (1) Powell's account that police told her that they had statements from other persons but lost their "original witness;" (2) Powell's testimony that a friend informed her that Appellant and his codefendant committed the murder in question; (3) Hall's declaration that detectives stated to him that they knew "them two did it;" (4) Hall's testimony that he knew Appellant and his codefendant and that the rumor on the street was that they murdered Victim; and (5) Detective Keen reading Hall's previous statement that someone named Tanisha said that Appellant committed the murder.

Appellant further suggested that trial counsel was ineffective for failing to object when the Commonwealth violated Pennsylvania Rule of Evidence 404(b)[5] by admitting

---

[3] *Commonwealth v. Coleman*, 102 A.3d 536 (Pa. Super. 2014) (unpublished memorandum) (affirming Appellant's judgment of sentence); *Commonwealth v. Coleman*, 102 A.3d 983 (Pa. 2014) (denying allowance of appeal from the Superior Court's memorandum affirming Appellant's judgment of sentence).

[4] "It is well-settled that counsel is presumed to have been effective and that the petitioner bears the burden of proving counsel's alleged ineffectiveness." *Commonwealth v. Wholaver*, 177 A.3d 136, 144 (Pa. 2018). "To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance[.]" *Id.*

[5] Pennsylvania Rule of Evidence 404(b) provides, in part, as follows:

**(b) Crimes, Wrongs or Other Acts.**

(1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

into evidence the following statements regarding Appellant's prior bad acts and poor character: (1) Powell identifying Appellant as the "guy with the drug block[;]" and (2) Hall's statement that Appellant has multiple guns and likes to shoot people.[6] Lastly, Appellant claimed that trial counsel was ineffective when he failed to object to a portion of the prosecutor's closing statement, as quoted *supra*. In this regard, Appellant contended that, during his closing argument, the prosecutor "impermissibly reduced the burden of proof by telling the jury that the defense was wrong in analyzing individual failings in the prosecution['s] case, and that they must look at the entire package." PCRA Petition, 9/30/2015, at ¶10(e)(i).

After the Commonwealth filed a motion to dismiss and the PCRA court granted multiple continuances, the court issued notice pursuant to Pa.R.Crim.P. 907 that it intended to dismiss Appellant's PCRA petition within twenty days without holding an evidentiary hearing. Appellant did not respond to the court's Rule 907 notice. On December 1, 2017, the court entered an order dismissing Appellant's PCRA petition. The court authored an opinion in support of that order.

As to the claims of ineffective assistance of counsel presently before this Court, the PCRA court found that they failed the arguable merit prong of the ineffective-assistance-of-counsel standard. Stated succinctly, the court concluded that the alleged hearsay testimony of Powell and Hall was not hearsay because it was not offered for the

> (2) Permitted Uses. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

Pa.R.E. 404.

[6] *See, e.g., Commonwealth v. Robinson*, 721 A.2d 344, 351 (Pa. 1998) ("The general rule is that where a weapon can not be specifically linked to a crime, such weapon is not admissible as evidence").

truth of the matters asserted. Rather, the court opined, the testimony simply explained why the witnesses were recanting their previous statements to police and was useful to the jury's credibility determinations. As to Detective Keen's reading of the portion of Hall's previous statement to police where it mentioned what Tanisha allegedly told Hall, the court asserted, *inter alia*, that counsel, in fact, objected to this testimony, and the court overruled the objection.

Similarly, the PCRA court concluded that trial counsel unsuccessfully objected to testimony from Hall regarding Appellant's prior bad acts and poor character. The court nonetheless further concluded that the testimony from Hall and Powell concerning Appellant's prior bad acts and poor character was properly admitted for the limited purpose of establishing a motive for the killing.

Lastly, the PCRA court reasoned that trial counsel was not ineffective for failing to object to the portion of the prosecutor's closing statement quoted *supra* (prosecutor telling the jury not to focus on individual aspects of the evidence but on the evidence as a whole), because it was a fair response to Appellant's closing argument that the Commonwealth's case was missing important evidence. Appellant timely filed a notice of appeal.

In an unpublished memorandum, a three-judge panel of the Superior Court unanimously affirmed the PCRA court's order dismissing Appellant's petition. *Commonwealth v. Coleman*, 215 A.3d 631 (Pa. Super 2019) (unpublished). Save for a few minor instances that we discuss below, the Superior Court rejected Appellant's claims of ineffective assistance of counsel simply by agreeing with the PCRA court's assessment of the arguable merit prong of those claims. Of primary concern to this matter, the Superior Court agreed with the PCRA court's conclusion that Appellant's claim that trial counsel rendered ineffective assistance by failing to object to the alleged hearsay testimony of Powell and Hall lacked arguable merit because the testimony was not offered

for the truth of the matters asserted but, rather, for the limited purposes of explaining why the witnesses were recanting their previous statements to police and to better permit the jury to assess their credibility. Superior Court Memorandum at 6-8.

Appellant filed a petition for allowance of appeal, which this Court granted to consider the following questions, as phrased by Appellant:

> (1) Where multiple inculpatory hearsay statements are improperly admitted against an accused, may a reviewing court dismiss the claim by averring the statements were not offered for their truth if the jury was not so instructed?

> (2) Whether, in the face of this Court's clear [Pa.R.E.] 404(b) decisional law barring mention of guns not linked to the crime at hand, a prosecutor may introduce evidence that an accused "liked to shoot people" and carried all types of guns, a preserved claim the Superior Court never addressed?

> (3) May a prosecutor[] tell jurors that defense counsel was wrong in urging them to look at individual errors in the case and that they must instead "look at it all together," an urging that reduces the burden of proof?

*Commonwealth v. Coleman*, 217 A.3d 791 (Pa. 2019).

Before we dispose of Appellant's issues, we pause to address a threshold matter raised by the Commonwealth. Specifically, the Commonwealth dedicates a significant portion of its brief to challenging the manner in which Appellant frames his issues and presents his arguments, *i.e.*, as if he is raising preserved claims of trial court error on direct appeal from his judgment of sentence. *E.g.*, Commonwealth's Brief at 15-20. In other words, the Commonwealth objects to, *inter alia*, Appellant's failure to present his claims *via* the three-prong ineffective-assistance-of-counsel standard, which is outlined *supra* at page 4, n.4.

In reply, Appellant points out that the lower courts dismissed his various claims of ineffective assistance of counsel solely on the basis that they fail to meet the arguable merit prong of the ineffective-assistance-of-counsel standard. Appellant's Reply Brief at 1-2. He states that, in the current appeal, he is solely challenging the lower courts'

conclusions that his claims lack arguable merit. *Id.* at 2. Appellant then asserts that there is no authority requiring an appellant to address the remaining prongs of the ineffective-assistance-of-counsel standard on appeal where the PCRA court dismisses a petition on the basis that the claim lacks arguable merit. *Id.* at 4.

Generally speaking, if a PCRA petitioner seeks review of claims of ineffective assistance of counsel in a direct appeal from a PCRA court order denying a PCRA petition, the petitioner must present the appellate court with argument on all three prongs of the ineffective-assistance-of-counsel standard. *See, e.g., Commonwealth v. Natividad*, 938 A.2d 310, 322 (Pa. 2007) ("Further, appellants continue to bear the burden of pleading and proving each of the [ineffective assistance of counsel] elements on appeal to this Court."). Here, however, Appellant is not appealing directly from an order denying his PCRA petition and wholesale rejecting his claims of ineffective assistance of counsel. Rather, this Court granted discretionary review to examine the manner in which the lower courts addressed the arguable merit prong of those claims. We, therefore, find no fault in Appellant's advocacy to this Court, as it aligns with the issues that the Court decided to address.

We now turn our attention to Appellant's first issue. As detailed above, in his PCRA petition, Appellant averred that trial counsel was ineffective for failing to object to several statements made by Powell and Hall on the ground that the statements constituted inadmissible hearsay. The lower courts concluded that these claims lack arguable merit because the complained-of testimony was not hearsay, as it was not admitted for the truth of the matters asserted. Instead, the courts concluded, these statements were admitted to explain why Powell and Hall were recanting their previous statements to police and to allow the jury to better assess their credibility. Appellant contends that this conclusion is erroneous because the trial court did not instruct the jury to consider the testimony of

Powell and Hall for the limited purposes of understanding the witnesses' reasons for recanting their previous statements and assessing their credibility.[7]

In response, the Commonwealth does not directly attack the substance of Appellant's chief contention that the lower courts erred by concluding that the complained-of testimony was not hearsay because it was not offered for the truth of the matters asserted, despite the fact that the trial court did not instruct the jury to consider the testimony for limited purposes. Commonwealth's Brief at 21-33. Instead, the Commonwealth offers other theories as to why Appellant's claims of ineffective assistance of counsel fail. More specifically, the Commonwealth argues that: (1) the complained-of testimony is not, in reality, hearsay at all; and (2) the claims fail the reasonable basis and prejudice prongs of the ineffective-assistance-of-counsel standard. *See*, *e.g.*, Commonwealth's Brief at 33 (stating that Appellant "does not address the non-hearsay nature of the evidence, counsel's plain reasonable basis for his actions, or lack of prejudice"). We, however, will not address these arguments, as they are outside the scope of the issues that this Court granted allowance of appeal to consider. *See Watts*, *supra* at n.7.

We have no hesitation in agreeing with Appellant's assignment of error regarding the manner in which the lower courts addressed the alleged hearsay testimony of Powell and Hall. Indeed, it is well-settled that evidence which is admitted for a limited purpose must be accompanied by a limiting instruction to focus the jury's consideration of the

---

[7] Appellant seemingly complains that the lower courts made the same erroneous conclusion regarding Detective Keen reading Hall's statement to the jury. Appellant's Brief at 15, n.2. Yet, the Superior Court clearly found that trial counsel was not ineffective for failing to object to Detective Keen reading this statement because counsel, in fact, did unsuccessfully object to this testimony. Superior Court Memorandum at 8-9. The Superior Court's conclusion in this regard is outside the scope of this Court's grant of *allocatur*; thus, we will not consider its propriety. *See Commonwealth v. Watts*, 23 A.3d 980, 982 n.2 (Pa. 2011) (declining to address an argument that fell outside the scope of the issue that this Court granted allowance of appeal to address).

evidence to its appropriate purpose. *See, e.g., Commonwealth v. Covil*, 378 A.2d 841, 845 (Pa. 1977) ("When evidence is admissible for a limited purpose, a defendant is entitled to a limiting instruction."); *Commonwealth v. Claypool*, 495 A.2d 176, 179 (Pa. 1985) (explaining that evidence of prior criminal acts that the defendant makes relevant to prove the crimes with which he is charged is admissible; however, "such evidence must be accompanied by a cautionary instruction which fully and carefully explains to the jury the limited purpose for which that evidence has been admitted"); and *Commonwealth v. Billa*, 555 A.2d 835, 842 (Pa 1989) ("Our cases establish that appellant was *entitled* to a limiting instruction on the use that the jury could make of the challenged evidence which was admissible only for a limited purpose.") (emphasis in original). Here, the trial court did not instruct the jury to consider the alleged hearsay testimony of Powell and Hall for the limited purposes articulated by the lower courts. Thus, contrary to the conclusion of those courts, the jury's consideration of the testimony of Powell and Hall was unrestricted.

For these reasons, we find that the Superior Court erred in the manner in which it disposed of the arguable merit prong of Appellant's claims that his trial counsel was ineffective for failing to object to the following alleged hearsay testimony presented at his trial: (1) Powell's account that police told her that they had statements from other persons but lost their original witness; (2) Powell's testimony that a friend told her that Appellant and his codefendant committed the murder in question; (3) Hall's declaration that detectives informed him that they knew "them two did it;" and (4) Hall's testimony that he knew Appellant and his codefendant and that the rumor on the street was that they committed the murder at issue in this case. Accordingly, we vacate in part the Superior Court's judgment and remand to that court to reconsider, in a manner consistent with this Opinion, Appellant's contention that the PCRA court erroneously rejected these claims of ineffective assistance of counsel.

We now will address Appellant's second issue. As discussed above, in his PCRA petition, Appellant claimed that trial counsel rendered ineffective assistance by failing to object to Hall's statement that Appellant carries guns and likes to shoot people. The PCRA court did not grant Appellant relief on this claim, and Appellant contends that he challenged this ruling in the Superior Court. The thrust of Appellant's argument to this Court is that the Superior Court failed to address this issue, depriving him of meaningful appellate review.

Regarding the substance of Appellant's argument, the Commonwealth notes that the Superior Court did not "wholly ignore" Appellant's claim regarding Hall's statement concerning Appellant's affinity for guns and shooting people but concedes that "the Superior Court could have discussed the claim at greater length." Commonwealth's Brief at 37 n.15. The Commonwealth nonetheless advocates that Appellant is not entitled to further review of the issue because it allegedly is meritless and waived for the reasons we rejected *supra*, *i.e.,* Appellant's failure to address all three prongs of the ineffective-assistance-of-counsel standard. Commonwealth's Brief at 37.

Appellant presented the PCRA court with, *inter alia*, a claim that his trial counsel was ineffective for failing to object to Powell's statement that Appellant was involved in dealing drugs and a claim that counsel was ineffective for failing to object to Hall's statements regarding Appellant carrying guns and his desire to use them. The PCRA court rejected both claims. In his Superior Court brief, Appellant challenged the PCRA court's ruling as to both of these claims, albeit in a singular sub-issue. Appellant's Superior Court Brief at 21-23.

Understandably, in its memorandum, the Superior Court mentioned these two claims in tandem. Superior Court Memorandum at 9. Further, the court definitively rejected Appellant's claim that counsel rendered ineffective assistance by failing to object

to Powell's drug-dealing statement. *Id.* at 10. However, the court did not directly resolve Appellant's contention that the PCRA court improperly rejected his claim that trial counsel was ineffective for failing to object to Hall's statement that Appellant carries guns and likes to shoot people. Consequently, we respectfully further vacate the Superior Court's judgment, and on remand, we instruct the Superior Court to address Appellant's claim of PCRA court error in the first instance.

We now will focus on Appellant's final issue, which involves his claim that trial counsel was ineffective for failing to object to the portion of the prosecutor's closing argument wherein, Appellant suggests, the prosecutor "impermissibly reduced the burden of proof by telling the jury that the defense was wrong in analyzing individual failings in the prosecution['s] case, and that they must look at the entire package." PCRA Petition, 9/30/2015, at ¶10(e)(i). The PCRA court rejected this claim on the basis that it lacked arguable merit because the prosecutor's comments were a fair response to Appellant's counsel's closing argument that focused on the alleged weakness of the Commonwealth's evidence against Appellant. On appeal, the Superior Court also found that the claim lacks merit, albeit on different grounds, asserting that the prosecutor's statement "regarding the evidence did not change the burden of proof." Superior Court Memorandum at 12. The court then observed that the "trial court clearly explained the applicable burden of proof[ ]" and that the "jury is presumed to have followed the trial court's instructions." *Id.* (citations omitted).

In his brief to this Court, Appellant does not address the reasoning of the lower courts. Appellant's Brief at 22-25. Further, Appellant's argument may be reduced to his bald assertion that "the prosecutor went to[o] far, as it is impermissible to tell jurors to disregard individual problems in the prosecution['s] case and that an acquittal based on

a problem is not permissible."[8]  Appellant's Brief at 24.  The Commonwealth, on the other hand, believes that the lower courts properly dismissed this claim of ineffective assistance of counsel on the ground that it lacks arguable merit.  We agree with the Commonwealth.

Indeed, we conclude that the Superior Court's rationale for rejecting Appellant's claim is sound.  More specifically, to the extent that the complained-of portion of the prosecutor's closing argument remotely suggested that the Commonwealth carried a burden of proof less than "beyond a reasonable doubt," the trial court's instructions to the jury made clear that the Commonwealth was required to prove Appellant guilty beyond a reasonable doubt, N.T., 8/30/2012, at 301-03; the court further instructed the jury as to the meaning of proof "beyond a reasonable doubt," *id.*  As the Superior Court correctly observed, we must presume that the jury followed the trial court's proper instructions. *Commonwealth v. Chmiel*, 30 A.3d 1111, 1184 (Pa. 2011) ("The law presumes that the jury will follow the instructions of the court.") (citations omitted).  Consequently, this issue warrants no further relief.

For all of the reasons discussed above, we affirm the Superior Court's judgment in part, vacate the judgment in part, and remand to that court for further consideration of Appellant's issues as detailed *supra.*  Jurisdiction relinquished.

Chief Justice Saylor and Justices Todd, Donohue, Dougherty, Wecht and Mundy join the opinion.

---

[8] Appellant primarily relies upon one case in support of his argument, *Wheeler v. United States*, 930 A.2d 232 (App. D.C. 2007).  Appellant's Brief at 23-24.  However, as the Commonwealth points out, *Wheeler* is inapposite of Appellant's position, as it has nothing to do with the boundaries of a prosecutor's closing argument. Commonwealth's Brief at 44.  Instead, this non-binding opinion addresses, *inter alia*, an appellant's claim that a trial court's instructions, not a prosecutor's argument, lowered the state's burden of proof. *Wheeler*, 930 A.2d at 240-49.