J-S56040-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHERI MAUFORT, | : | |
| | : | |
| Appellant | : | No. 1332 EDA 2018 |

Appeal from the Judgment of Sentence March 28, 2018
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0000266-2017

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    Filed: January 28, 2021

Sheri Maufort (Maufort) appeals a judgment of sentence entered by the Court of Common Pleas of Chester County (trial court).  Following a jury trial, Maufort was found guilty of two counts of institutional sexual assault of a minor (18 Pa.C.S. § 3124.2(a.2)(1)); one count of unlawful contact with a minor (18 Pa.C.S. § 6318(a)(1)); and one count of corruption of minors (18 Pa.C.S. § 6301(a)(1)(i)).  She was sentenced to an aggregate prison term of 11.5 to 23 months, followed by three years of probation.

In this appeal, Maufort contends that the trial court reversibly erred in admitting into evidence a prior bad act which she claims was both irrelevant

_____

[*] Retired Senior Judge assigned to the Superior Court.

and highly prejudicial with respect to the issues to be resolved by the jury. Finding no merit in this evidentiary claim, we affirm.

**I.**

The following summary of the evidence is taken from the trial court's 1925(a) opinion:

> Sheri Maufort was a substitute teacher's aide at the Unionville High School in Chester County, Pennsylvania in September of 2016. . . . On September 16, 2016, [Maufort] had sexual interactions with two (2) students from Unionville High School. First, during a party after a high school football game, [Maufort] sent another person into the house where the party was being held to ask a hockey player, T.G., to come outside. T.G. was 18 years old. They then went on a car ride where they kissed and she grabbed his genital area. After that, she dropped him back off at the party.
>
> A few hours later, [Maufort] contacted B.M., age 17, by text wanting to pick him up at his house. She then drove him to the parking area of a closed restaurant, the Dilworthtown Inn, where they got out of the vehicle. She began kissing B.M. and eventually performed oral sex on him. After the contact between [Maufort] and B.M. occurred, [Maufort's] husband appeared in the parking lot and insisted on driving B.M. home.
>
> . . . .
>
> Prior to trial, the Commonwealth filed a Motion *in limine* to Admit Evidence of Other Crimes, Wrongs or Acts Pursuant to Pennsylvania Rule of Evidence 404(b). Specifically, the Commonwealth wanted to introduce evidence concerning an incident [on May 14, 2016] in which B.M. was in a vehicle smoking marijuana with friends. [Maufort] was allegedly in the car smoking marijuana with them. The Commonwealth sought to introduce this additional contact between [Maufort] and B.M. to provide the jury with the complete context of the relationship between [Maufort] and B.M.
>
> . . . .

The court allowed this evidence in because it showed the growing relationship between [Maufort] and B.M. and it also showed the chain of events leading to this crime. . . . The court felt there was a need for this evidence to establish the relationship between these parties. [Maufort] progressed from interacting with them socially . . . doing things like drinking and smoking marijuana . . . to eventually approaching both these young men sexually.

1925(a) Opinion, 9/11/2018, at 1-3.

Maufort contends that the trial court erred in admitting testimony that she smoked marijuana with B.M. several months before the charged incident because this prior bad act evidence was irrelevant as well as more prejudicial than probative, entitling her to a new trial.

Echoing the trial court, the Commonwealth responds that the evidence was relevant because it was part of a sequence of events leading up to the charged offenses and revealed how Maufort had manipulated the victims over a period of time in order to carry those offenses out. As alternative grounds for affirmance, the Commonwealth asserts that any error was harmless because it could not have reasonably affected the jury's verdict.

**II.**

**A.**

"Evidence of distinct crimes [is] not admissible against a defendant being prosecuted for another crime solely to show his bad character and his propensity for committing criminal acts." **Commonwealth v. Lark**, 543 A.2d 491, 497 (Pa. 1988); **see also** Pa.R.E. 404(b)(1) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to

show that on a particular occasion the person acted in accordance with the character.").

"However, evidence of other crimes . . . may be admissible in special circumstances where the evidence is relevant for some other legitimate purpose and not merely to prejudice the defendant by showing him to be a person of bad character." *Id*. (citing **Commonwealth v. Claypool**, 495 A.2d 176 (Pa. 1985)). The Rules of Evidence enumerate a non-exhaustive list of such purposes, including "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Pa.R.E. 404(b)(2).[1]

Additionally, under the "*res gestae*" exception, a prior bad act may be admitted as part of the "history or natural development of the case." **Commonwealth v. Brown**, 52 A.3d 320, 326 (Pa. Super. 2012). The exception is limited to bad acts "which are so clearly and inextricably mixed up with the history of the guilty act itself as to form part of one chain of relevant circumstances, and so could not be excluded on the presentation of the case before the jury without the evidence being rendered thereby

---

[1] "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Pa.R.E. 401. Relevant evidence may be excluded from trial if its admission would confuse or mislead the jury, waste judicial resources, or result in unfair prejudice to the defendant. **See** Pa.R.E. 403.

unintelligible." **Id**. at 330; **see also Commonwealth v. Knoble**, 188 A.3d 1199, 1205 (Pa. Super. 2018) (same).[2]

Prior bad act evidence is only admissible in a criminal case "if the probative value of the evidence outweighs its potential for unfair prejudice." Pa.R.E. 404(b)(2). "'Unfair prejudice' supporting exclusion of relevant evidence means a tendency to suggest a decision on an improper basis or divert the jury's attention away from its duty of weighing the evidence impartially." **Commonwealth v. Wright**, 961 A.2d 119, 151 (Pa. Super. 2008) (citing Pa.R.E. 403).

**B.**

Preliminarily, we find that the *res gestae* exception does not apply in this case. Maufort smoked marijuana with B.M. months before the date of the alleged offenses. Prior bad acts become admissible as *res gestae* only "when the bad acts are part of the same transaction involving the charged crime." **Brown**, 52 A.3d at 332. Clearly, Maufort's drug use with B.M. was a separate episode from the criminal transactions that followed months later, making *res gestae* inapplicable. **See id**.; **Commonwealth v. Green**, 76 A.3d 575, 584 (Pa. Super. 2013) ("[I]t is also clear that the gun-pointing incident was in no

---

[2] If the "*res gestae*" exception applies, then the trial court must balance the probative value of such evidence against its prejudicial effect. **See Brown**, at 326; **Commonwealth v. Weakley**, 972 A.2d 1182, 1191 (Pa. Super. 2009) (balancing occurs after non-propensity purpose established under Rule 404(b)).

way part of the same transaction or sequence of events that constituted the crime for which Appellant was being tried.").

## C.

While *res gestae* did not justify the admission of the prior bad act evidence in this case, Maufort's drug use with B.M. *was* admissible to prove her motive, intent and preparation to commit a crime for which she was charged. **See** Pa.R.E. 404(b)(2). For example, the offense of unlawful contact with a minor includes the central element that the defendant "intentionally was in contact with a minor for the purpose of engaging in" sexual offenses. 18 Pa.C.S. § 6318(a)(1). Criminal intent is an element that may be and usually must be proven circumstantially. **See Commonwealth v. Thomas**, 65 A.3d 939, 943 (Pa. Super. 2013) (intent element of a crime ordinarily must be proven through circumstantial evidence and inferred from the parties' acts, conduct or attendant circumstances).

Here, it was undisputed that on September 16, 2016, Maufort picked up B.M. from a party and spent time alone with him in her vehicle. Maufort denied that she initiated sexual contact, much less that she ever planned to do so. The jury, therefore, had to resolve whether Maufort indeed had the requisite intent to engage in the alleged sexual conduct.

In this context, Maufort's previous interactions with B.M. were relevant to show that she had sought to influence him into accepting her sexual advances. The fact that she smoked marijuana with B.M., in combination with

other admissible evidence,[3] tended to support the Commonwealth's contention that Maufort's drug use with B.M. was a means of grooming him to facilitate sexual offenses, making the evidence probative of her intent on the night in question. That is, the drug use was relevant to prove whether Maufort had intent to meet with B.M. for an illicit purpose, a necessary element of unlawful contact with a minor. See 18 Pa.C.S. § 6318(a)(1).

Moreover, the probative value of the prior bad act was not outweighed by the potential of unfair prejudice. The comparative potential for prejudice was minor because the single instance of marijuana use was not in itself so offensive that it could have inflamed the passions of the jury or prevented it from viewing the evidence impartially.

The bad act was also somewhat cumulative of similar episodes that were never disputed. There was unrebutted evidence at trial that Maufort had on multiple occasions imbibed alcohol in the company of minors, diminishing the prospect that the instance of marijuana use could have affected the jury's

_____

[3] At trial, the evidence established that Maufort first met B.M. and T.G. at her own home during a party hosted by her teenage daughter on May 14, 2016. Video recordings at the party proved that Maufort had been drinking alcohol with students, and that she gave out her contact information to T.G. and others so that they could video chat with each other. Maufort encountered B.M. again months later at another student's party, and after speaking with him for 30 minutes on the telephone later that night, she arranged to pick him up in her vehicle at about 11 p.m. B.M. testified that Maufort supplied him with alcohol before initiating sexual contact. The two were discovered by Maufort's husband laying on a grassy area near a restaurant parking lot.

impartiality. Any prejudicial impact would have been further offset by the trial court's instructions on how that prior bad act evidence had to be weighed. Thus, the potential for prejudice did not outweigh the probative value of the prior bad act.

Accordingly, the trial court did not err in admitting evidence that Maufort smoked marijuana with B.M. at a house party months before her alleged offenses took place because it was relevant and not unduly prejudicial.[4]

**D.**

Even if the admission of the subject evidence was erroneous, it would not entitle Maufort to a new trial because there is no reasonable probability that such an error could have contributed to the verdict. *See Commonwealth v. Laich*, 777 A.2d 1057, 1062–63 (Pa. 2001). When it is shown that the resulting prejudice of an evidentiary error is *de minimis*, then the error is deemed harmless and no appellate relief is due. *See id*.[5]

---

[4] The trial court's ruling on a motion *in limine* regarding the admission of evidence is reviewed under an abuse of discretion standard. *See Commonwealth v. Ivy*, 146 A.3d 241, 251 (Pa. Super. 2016). Such rulings are "not to be disturbed on appeal unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous." *Id*.

[5] The improper admission of evidence may also be found harmless where the Commonwealth can establish that the evidence was cumulative or substantially similar to admissible evidence, or the properly admitted evidence was so overwhelming that the verdict would have been inevitable. *See Commonwealth v. Laich*, 777 A.2d 1057, 1062–63 (Pa. 2001).

Maufort's drug use with B.M. received relatively little attention at trial. B.M.'s testimony touched on the episode briefly in response to questioning, and the trial court specifically advised the jury that the evidence was relevant for the sole purpose of establishing the relationship between the parties. **See** Trial Transcript, 11/28/2017, at pp. 11-12. The incident was hardly mentioned during the parties' respective statements to the jury, and when the Commonwealth did so, it reiterated the trial court's instructions. **See** Trial Transcript, 11/29/2017, at p. 14. Thus, any prejudice caused by the admission of the prior bad act evidence was *de minimis*.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/28/21</u>