J-A25015-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEWIS T. WATKINS | : | |
| | : | |
| Appellant | : | No. 470 MDA 2020 |

Appeal from the PCRA Order Entered March 5, 2020
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0006151-2016

BEFORE:  BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY BOWES, J.:                    **FILED:  JANUARY 20, 2021**

Lewis T. Watkins appeals from the order that dismissed without a hearing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We vacate the order and remand for further proceedings.

This Court offered the following summary of the facts underlying Appellant's convictions:

> [O]n April 17, 2012, Appellant was employed at Alcoa when he was involved in an accident.  Alcoa tested Appellant for drugs, and he tested positive for marijuana and cocaine.  As a result, Alcoa sent Appellant to a pre-paid drug rehabilitation facility.  As a condition of entering the drug rehabilitation facility, Appellant signed a release that prevented the facility from disclosing copies of Appellant's laboratory results, including urine tests, to Alcoa. The facility, however, expelled Appellant on June 20, 2012, because he failed to comply with the requirements for treatment. The facility advised Alcoa that Appellant missed several treatment sessions, exhibited signs of intoxication, and had two positive urine tests.  As a result, Alcoa fired Appellant on June 20, 2012.

Subsequently, Appellant contacted Alcoa and requested copies of his personnel and medical file, as well as copies of the laboratory results. Alcoa provided Appellant's personnel and medical file but because of Appellant's signed release, it never possessed the laboratory results.

In 2015, the police charged Appellant with stalking Thomas Holbert, one of Alcoa's human resource managers. A trial was held on September 26th and 27th, 2016, and Appellant was found not guilty. . . .

Immediately following the not-guilty verdict in September of 2016, Appellant began leaving numerous voicemails on Holbert's work mobile phone demanding Appellant's full personnel file, including the laboratory results. Over time, Appellant's voicemails became increasingly belligerent and intimidating, and they included threats to personally appear at Holbert's home and workplace to obtain his personnel file and advice to Holbert about how to improve the parking of his car at work. . . . The numerous voicemails caused Holbert to change his phone number, install a burglar alarm, close his blinds, and alter his daily routine.

Also in September and October of 2016, Appellant began leaving "intimidating" voicemails to Tracey Hustad, one of Alcoa's human resources directors, requesting Alcoa to provide the laboratory results. Hustad consistently responded that Alcoa could not produce the results because it never had them. [A]ll voicemails were forwarded to Alcoa security.

Brian Leadbetter, chief security officer for Alcoa, . . . informed Appellant that Alcoa did not have the laboratory reports at issue. On October 10, 2016, after verifying Appellant's address and email address, Alcoa sent a cease-and-desist letter meticulously detailing Appellant's behavior, enclosing another copy of Appellant's personnel and medical files, and again denying any possession of any laboratory test results. Alcoa sent the files via FedEx, but Appellant refused to sign and receive the package. Alcoa reported Appellant's activities to the police, and the police arrested Appellant on October 24, 2016.

*Commonwealth v. Watkins*, 201 A.3d 824 (Pa.Super. 2018) (unpublished

memorandum at 2-4) (citations and footnotes omitted). Upon receiving

evidence of the above, a jury convicted Appellant of stalking and terroristic threats. The trial court sentenced Appellant to an aggregate term of three to ten years of incarceration, and this Court affirmed the judgment of sentence on direct appeal. *See id*.

In March 2019, Appellant filed a timely *pro se* PCRA petition, and counsel was appointed. Counsel filed an amended petition raising one claim of ineffective assistance of trial counsel. Specifically, the amended petition averred that trial counsel was ineffective in failing to seek to exclude as unduly prejudicial the evidence of Appellant's illegal drug activities and termination by Alcoa upon his failure to complete rehabilitation, or to even request a cautionary instruction to advise the jury of the limited purpose of its introduction. *See* Amended PCRA Petition, 6/18/19, at 11 (citing Pa.SSJI (Crim) § 3.08[1]). Appellant noted that, in the Commonwealth's pretrial motion to introduce evidence of Appellant's cocaine and marijuana use and the reason for his termination, even it acknowledged "an appropriate limiting instruction" may be warranted. *Id*. at 11-12 (quoting Notice of Intention to Introduce

---

[1] The standard suggested jury instruction provides:

> This evidence is before you for a limited purpose, that is, for the purpose of tending to [give specifics]. This evidence must not be considered by you in any way other than for the purpose I just stated. You must not regard this evidence as showing that the defendant is a person of bad character or criminal tendencies from which you might be inclined to infer guilt.

Pa. SSJI (Crim) §3.08.

Evidence of Other Crimes, Wrongs or Acts, 6/19/17, at ¶ 8). Yet, Appellant complained, counsel did not file a motion *in limine* to exclude the evidence as unduly prejudicial, did not object to its admission, did not seek a limiting instruction before or immediately after it was admitted, and did not seek a limiting instruction in the final jury charge. *Id*. at 12. Additionally, Appellant's petition alleged that trial counsel had no reasonable basis for failing to take any of those actions, and that he was prejudiced because his prior bad acts caused the jury to infer that he was a man of criminal tendencies and acted in accordance therewith. *Id*. at 12-13. Appellant further requested an evidentiary hearing to develop a record of counsel's failure to act, and listed trial counsel as a witness. *Id*. at 14-15.

The Commonwealth filed an answer to the amended petition contending that trial counsel had not been ineffective. The Commonwealth maintained that the information was admissible because it was necessary to provide the jury with context and an understanding of the development of events. *See* Answer to Amended Petition, 9/3/19, at 5. Further, the Commonwealth suggested that Appellant suffered no prejudice--since the other bad acts about which the jury heard "looked nothing like the crimes for which [Appellant] was charged and tried," it would have reached the same verdict regardless. *Id*. at 6.

J-A25015-20

The PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907.[2]  Following the resolution of some apparent filing irregularities, the PCRA court dismissed the petition by order entered March 5, 2020.[3]  Appellant filed a timely notice of appeal.  The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, but did submit its prior opinion to satisfy its obligation under Pa.R.A.P. 1925(a).

Appellant presents the following issue for our review:

> At [Appellant]'s trial, the Commonwealth admitted evidence of his prior bad acts to tell the complete story.  Specifically, it admitted evidence that he failed several drug tests and was unsuccessfully discharged from treatment.  His trial counsel did not object or request a limiting instruction.  The PCRA court dismissed the related ineffectiveness claim without a hearing because the evidence was admissible.  Should this Court remand for a hearing?

Appellant's brief at 4.

We begin with a review of the pertinent legal principles.  "The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error." **Commonwealth v. Weimer**, 167 A.3d 78, 81 (Pa.Super. 2017).  "[A] PCRA

---

[2] The notice indicates that the reasons for dismissal can be found in its January 9, 2020 opinion; however, the opinion of that date contained in the certified record pertains to a different case entirely.  The PCRA court subsequently corrected the error and this Court received the proper opinion.

[3] The order is dated February 4, 2020, but the docket reflects service of the order on March 5, 2020.

- 5 -

court has discretion to dismiss a PCRA petition without a hearing if the court is satisfied that there are no genuine issues concerning any material fact; that the defendant is not entitled to post-conviction collateral relief; and that no legitimate purpose would be served by further proceedings." *Commonwealth v. Cruz*, 223 A.3d 274, 277 (Pa.Super. 2019) (internal quotation marks omitted). Further, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Stansbury*, 219 A.3d 157, 161 (Pa.Super. 2019) (internal quotation marks omitted).

Counsel is presumed to be effective, and a PCRA petitioner bears the burden of proving otherwise. *See*, *e.g.*, *Commonwealth v. Becker*, 192 A.3d 106, 112 (Pa.Super. 2018). To do so, the petitioner must plead and prove: "(1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome at trial if not for counsel's error." *Commonwealth v. Selenski*, 228 A.3d 8, 15 (Pa.Super. 2020) (internal quotation marks omitted). The failure to establish any prong is fatal to the claim. *Id*. at 15.

>As for the arguable merit of Appellant's claim, we observe that
>
>>evidence of a defendant's prior criminal activity is inadmissible to demonstrate his bad character or criminal propensity. The same evidence may be admissible for various legitimate purposes, however, provided that its probative value outweighs the

- 6 -

prejudicial effect likely to result from its admission, and an appropriate limiting instruction is given.

*Commonwealth v. Paddy*, 800 A.2d 294, 307 (Pa. 2002) (citations omitted).

*See also* Pa.R.E. 404(b).  One such legitimate purpose "is where such evidence was part of the chain or sequence of events which became part of the history of the case and formed part of the natural development of the facts."  *Commonwealth v. Lark*, 543 A.2d 491, 497 (Pa. 1988).

> This special circumstance, sometimes referred to as the "*res gestae*" exception to the general proscription against evidence of other crimes, is also known as the "complete story" rationale, *i.e.*, evidence of other criminal acts is admissible "to complete the story of the crime on trial by proving its immediate context of happenings near in time and place."

*Id*. (citations omitted).

The PCRA court dismissed Appellant's petition without a hearing because it determined Appellant's claim lacked arguable merit.  It explained as follows:

> [T]he instances of prior bad acts discussed in [Appellant]'s amended PCRA petition were necessary to provide the jury with the history and natural development of the events leading to the crimes of which the [Appellant] was charged and convicted.  . . . [T]he jury needed context as to why [Appellant] was fired from his job and why [he] was harassing employees of the company for which he used to work.  Therefore, because the testimony discussing [Appellant]'s prior bad acts described in the amended PCRA petition . . . was admissible and not merely to prejudice [Appellant], [his] claim lacks merit and thus trial counsel was not ineffective for failing to object, seek a curative instruction, file a motion *in limine* and/or seek a mistrial and a limiting instruction during the final jury charge.

Trial Court Opinion, 1/9/20, at 5 (unnecessary capitalization omitted).

Appellant does not pursue in this Court his argument that counsel should have sought to exclude the res gestae evidence. However, he observes that the PCRA court "sidestepped the question of whether counsel was ineffective for failing to request a limiting instruction" and contends that the fact that the evidence was admissible does not mean an instruction was unnecessary. Appellant's brief at 12. He maintains that the PCRA court should have held a hearing on the claim. Specifically, he argues that the claim concerning counsel's failure to request a limiting instruction has arguable merit, noting that until recently, our Supreme Court had indicated such instructions were mandatory when Rule 404(b) evidence was admitted, and that even now the High Court has recognized that they are sometimes necessary. *Id*. at 9-10 (comparing **Commonwealth v. Claypool**, 495 A.2d 176, 179 (Pa. 1985), with **Commonwealth v. Reid**, 99 A.3d 427, 451 (Pa. 2014)).

Appellant further contends that his petition presented issues of material fact as to the reasonable basis and prejudice prongs of his claim. He cites the averments in his petition that counsel had no reasonable basis for declining to request the instruction, and the lack of any response to those allegations by the Commonwealth. *Id*. at 10. Finally, Appellant presents the following argument as to prejudice:

> The absence of a limiting instruction calls the outcome into question. The exact reason for limiting instructions generally and Suggested Instruction 3.08, specifically, is to defuse the effect of admissible but nevertheless prejudicial evidence. . . . The text of the instruction makes clear the purpose of that evidence and admonishes the jury that it "must not regard [the] evidence as

- 8 -

showing that the defendant is a person of bad character or criminal tendencies from which you might be inclined to infer guilt." Pa. SSJI (Crim) 3.08. Because there is a natural tendency for a jury to use prior bad act evidence for propensity, a limiting instruction would have been appropriate.

The prejudicial effect of prior-bad-acts evidence is so strong that it would be improper to assume that absence of a limiting instruction did not affect the outcome.

*Id*. at 11. While Appellant acknowledges that precedent no longer mandates a limiting instruction in all instances, he states that our Supreme Court "has not waivered on [recognizing] the potential prejudicial effect of prior-bad-acts evidence." *Id*. at 12.

The Commonwealth's position on appeal is that the other-bad-acts evidence was properly admitted to complete the story of the crime, and that the trial court, in its pretrial ruling permitting its admission, properly concluded that it was not unduly prejudicial. *See* Commonwealth's brief at 10-11. Assuming *arguendo* that a limiting instruction should have accompanied the admission of the evidence, the Commonwealth suggests that it does not automatically entitle Appellant to relief. Since there was no similarity between the prior bad acts and the crimes for which Appellant was tried, the Commonwealth maintains that there is no reasonable probability that the outcome would have been different. *Id*. at 13-14.

We agree with Appellant that the PCRA court abused its discretion in dismissing for lack of arguable merit Appellant's claim that counsel rendered constitutionally-deficient assistance by failing to request a limiting instruction.

While its ruling that there was no arguable merit to the claim that counsel should have objected to its admission for any purpose is sound, there is legal support for Appellant's contention that a cautionary instruction was warranted. *See*, *e.g.*, *Commonwealth v. Webb*, 236 A.3d 1170, 1179 (Pa.Super. 2020) ("Where evidence of prior bad acts is admitted, the defendant is entitled to a jury instruction that the evidence is admissible only for a limited purpose."). Hence, Appellant satisfied the arguable-merit prong of his cautionary-instruction claim.

However, that does not end our inquiry because we may affirm a PCRA court's decision for any reason apparent from the record. *See*, *e.g.*, *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa.Super. 2012). As indicated above, Appellant's failure to satisfy any element of the ineffectiveness test defeats his claim. *See Selenski*, *supra* at 15. Accordingly, we examine the remaining prongs of the test.

The record is devoid of counsel's reasons for opting to forgo a request for a limiting instruction. Appellant averred that there was no reasonable basis for the omission, but the PCRA court did not permit Appellant to develop a record on the issue at a hearing. As such, we are unable to conclude that affirmance is warranted based upon the existence of a reasonable basis for counsel's chosen course. *See*, *e.g.*, *Commonwealth v. Hughes*, 865 A.2d 761, 799 (Pa. 2004) (explaining that it is not appropriate for an appellate

court to attempt to discern the basis for counsel's decisions when the PCRA court did not hold a hearing to allow counsel to explain his reasoning).

As for the prejudice element of Appellant's claim, we reiterate that "[a] PCRA petitioner establishes prejudice by demonstrating that counsel's chosen course of action had an adverse effect on the outcome of the proceedings. . . . A criminal defendant alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Commonwealth v. Hopkins*, 231 A.3d 855, 875-76 (Pa.Super. 2020) (cleaned up).

"Our courts have long recognized that evidence of prior criminal acts has the potential for misunderstanding on the part of the jury." *Commonwealth v. Page*, 965 A.2d 1212, 1221 (Pa.Super. 2009). However, this Court has expounded as follows upon the fluctuating amount of prejudice necessary to warrant relief:

> The strength of the prosecution's case from the original proceeding is a vital part of the reviewing court's inquiry. A verdict or conclusion only weakly supported by the record is more likely to have been affected by defense counsel's errors than one with overwhelming record support. Moreover, the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged. The court should be concerned with whether the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results.

*Commonwealth v. Johnson*, 236 A.3d 63, 69 (Pa.Super. 2020) (*en banc*) (cleaned up).

- 11 -

The PCRA court, which also presided over Appellant's trial, is in the best position to assess the strength of the Commonwealth's case and whether a limiting instruction could have impacted the jury's assessment of the evidence against Appellant. Yet it offered no analysis of the prejudice prong of Appellant's limiting-instruction claim. We decline to decide in the first instance, on a cold record, whether Appellant is capable of proving that he was prejudiced by counsel's omission.

For these reasons, we conclude that the PCRA court abused its discretion in dismissing Appellant's petition without a hearing when it did not consider or address his claim that counsel rendered ineffective assistance in failing to request a limiting or cautionary instruction regarding the Rule 404(b) evidence offered by the Commonwealth. Therefore, we vacate the March 5, 2020 order dismissing his petition. We remand for the PCRA court to consider the three prongs of that claim, either issuing a new Pa.R.Crim.P. 907 notice explaining why no hearing is necessary to reject the claim or scheduling a hearing to resolve the matter.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/20/2021

- 12 -